IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY WILLIAMS, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 26-0111-KD-MU |
| | ) | |
| MEDICAL DEVICE BUSINESS | ) | |
| SERVICES, INC.,[1] *et al.,* | ) | |
| | ) | |
|   Defendants. | ) | |

## ORDER

On April 7, 2026, Plaintiff Tony Williams, who is proceeding *pro se* in this action, filed a Motion for Appointment of Counsel. (Doc. 10). Plaintiff's motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. For the reasons set forth below, Plaintiff's motion is **DENIED.**

Plaintiff paid the filing fee and, thus, is not indigent. Therefore, 28 U.S.C. § 1915(e)(1), which provides that the court may appoint counsel to represent a plaintiff who is proceeding *in forma pauperis,* does not apply in this case. "A plaintiff in a civil case has no constitutional right to counsel." *McDaniels v. Lee,* 405 F. App'x 456, 457 (11th Cir. 2010) (internal quotation marks and citation omitted). "[I]n deciding whether to appoint counsel, the district court has broad discretion and should appoint counsel **only**

---

[1] As Defendant pointed out in its answer, Plaintiff incorrectly designated Defendant as "Medica Device Bussiness." Defendant corrected its name in its answer. (Doc. 4). The Court has therefore amended the style of this action to reflect Defendant's correct legal name – Medical Device Business Services, Inc. – and hereby **DIRECTS** the Clerk of Court to also correct this Defendant's name on the Docket Sheet.

in **exceptional** circumstances." *Lamar v. Wells Fargo Bank,* 597 F. App'x 555, 557 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).

To qualify for appointment of counsel, a plaintiff must be unable to afford or secure counsel on their own. *See* 28 U.S.C. § 1915(e)(1); *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). The case alleged by Plaintiff is one that would normally be undertaken on a contingency fee basis, thus requiring no to little expense for Plaintiff. Although he has indicated several lawyers have considered and declined the case, Plaintiff has not shown why or how the Court would have better access to civil litigation attorneys than him. "Personal injury claims have an economic value that makes meritorious claims attractive to lawyers without any need for judicial intervention." *Lipscomb v. Gen. Foods Corp.*, 615 F. Supp. 254, 257 (W.D. Wisc. 1985).

Here, the Court finds that Plaintiff has not established the exceptional circumstances necessary to support appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**DONE** and **ORDERED** this the **22nd** day of **April, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

2