**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TONY WILLIAMS,**<br>    **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 1:26-00111-KD-MU** |
| | ) |
| **MEDICAL DEVICE BUSINESS** | ) |
| **SERVICES, INC., et al.** | ) |
|    **Defendants.** | ) |

**ORDER**

This action is before the Court on the Motion for Judgment on the Pleadings and the Renewed Motion for Judgment on the Pleadings. (Docs. 5, 17). Upon consideration, and for the reasons below, the Motion for Judgment on the Pleadings, (Doc. 5), is **DENIED** as moot, and the Renewed Motion for Judgment on the Pleadings, (Doc. 17), is **DENIED** as premature. However, the Amended Complaint is **STRICKEN**. Plaintiff shall file a Second Amended Complaint **on or before June 30, 2026**. Plaintiff shall also serve process upon Defendant DePuy Synthes Sales Inc. **on or before July 6, 2026**.

### I.    Background

On February 18, 2026, Plaintiff Tony Williams ("Williams") filed a *pro se* complaint against Defendant Medical Device Business Services ("MDBS") in the Circuit Court of Mobile County. (Doc. 1-1). The Complaint alleged that a component of a DePuy Sigma TC3 failed prematurely, which led to Williams having a knee revision surgery on January 16, 2026. (Doc. 1-1 at 4). According to the Complaint, "it was discovered that the TC3 had loosening and [screws] had broken," the "manufactor [sic] knew of this bad product leading to actions taking [sic] against them causing the[m] to do [a] recall on the product," and Williams was "unaware" of the failure. (Id.). A typed "attachment" to the Complaint listed the defendants as "DEPUY SYNTHES,

1

PRODUCT AND SALES/ JOHNSON & JOHNSON DEPUY ORTHPAEDICS [sic] CT CORPERATION [sic]" and listed three causes of action: (1) negligence, (2) strict product liability, and (3) breach of warranty. (Doc. 1-1 at 5). Each claim was based on alleged failures of the "Sigma TC3." (Id.). In a "Statement of Claim" form, Williams specified that he seeks $49,000 in damages. (Id. at 7).

On March 26, 2026, MDBS removed the action based on diversity jurisdiction. (Doc. 1). On April 2, 2026, MDBS answered the Complaint. (Doc. 4). In its answer, MDBS pleaded forty-three defenses, including the defense that Williams's claims "are preempted in whole or party by federal law." (Id. at 2). MDBS also filed a motion for judgment on the pleadings, which argued that all of Williams's claims are preempted under federal law. (Doc. 5).

On April 7, 2026, Williams filed an amended complaint. (Doc. 11). The caption of the Amended Complaint listed the defendants as "DePuy Synthes Sales, Inc. et al." (Id.). The Amended Complaint again alleged three causes of action related to alleged failures with the Sigma TC3 implanted in Williams: (1) negligence, (2) strict product liability, and (3) breach of warranty. (Id.). The Amended Complaint explained that Williams is seeking $200,000 in damages and court costs. (Id. at 3).

On April 10, 2026, Williams filed a notice of the mootness of the motion for judgment on the pleadings based on his filing of the Amended Complaint. (Doc. 14). On April 15, 2026, Williams filed a response in opposition to the motion for judgment on the pleadings. (Doc. 15). In this response, Williams argued that his claims are "parallel claims" not subject to preemption and explained that Williams "invokes the Discovery Rule." (Id. at 1, 3).

On April 21, 2026, MDBS answered the Amended Complaint and filed a renewed motion for judgment on the pleadings. (Docs. 16, 17). The Renewed Motion for Judgment on the Pleadings

points out that the Amended Complaint does not assert specific claims against MDBS, but MDBS sought to renew its motion for judgment on the pleadings to the extent the Amended Complaint "could be construed as containing such allegations." (Doc. 17 at 1 n. 1). Both the renewed answer and the renewed motion for judgment on the pleadings argue that all of Williams's claims are preempted by federal law. (Docs. 16, 17).

On April 29, 2026, Williams filed a response in opposition to the Renewed Motion for Judgment on the Pleading (incorrectly titled as an opposition to the "motion for summary judgment"). (Doc. 19). The response argues (1) that preemption does not bar Williams's claims because they are "parallel claims," (2) that summary judgment is premature, (3) that failed hardware is specifically linked to the Defendant, (4) that federal preemption does not shield recalled defective products, (5) that preemption does not apply to non-PMA (Pre-Market Approval) products, and (6) that judgment on the pleadings is premature pending discovery. (Id. at 2–3). Attached to the response are what appear to be (1) an operative note from January 13, 2026; (2) a pathology report from January 16, 2026; and (3) a discharge report from September 15, 2016. (Docs. 19-1–3).

On May 7, 2026, MDBS filed a reply in support of its Renewed Motion for Judgment on the Pleadings. (Doc. 20). In its reply, MDBS argues that Williams's opposition attempts "to fill in the gaps of his bare bones Amended Complaint to allege 'parallel claims' to defeat preemption," but "his attempt falls short because both his Amended Complaint and his Opposition fail to set forth facts pointing to the RP Knee specific PMA requirements that have been allegedly violated." (Doc. 20 at 2).

## II.      Jurisdiction

A federal "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Both parties agree that federal diversity jurisdiction exists. But parties cannot consent to subject-matter jurisdiction. See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304 (11th Cir. 2011). For federal diversity jurisdiction to attach, opposing parties must have completely diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In the removal context, diversity of citizenship and the requisite amount-in-controversy must exist at the time of removal. See Bujanowski v. Kocontes, 359 F. App'x 112, 113 (11th Cir. 2009); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

The party removing the case bears the burden of establishing diversity of citizenship and the requisite amount in controversy. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Id. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 89.

4

Here, the Complaint initially sought only $49,000 in damages. However, MDBS removed the action and included a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. (Doc. 1). Williams does not contest this issue. The allegations in the notice of removal show that the claims, if proved, would result in damages exceeding $75,000. Therefore, the Court is satisfied that diversity jurisdiction existed at the time of removal. Since the removal, Plaintiff has amended his complaint to add another defendant (DePuy Synthes Sales, Inc.) and to specify that the damages sought exceed $200,000. (Doc. 11). No evidence before the Court suggests that these events have divested the Court's jurisdiction. Accordingly, the Court is satisfied that diversity jurisdiction exists.

### III.    Amended Complaint and Motion for Judgment on the Pleadings

The Amended Complaint was timely filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). "An amended complaint supersedes and replaces the original complaint." Reynolds v. Behrman Cap. IV L.P., 988 F.3d 1314, 1319 (11th Cir. 2021). Therefore, the Amended Complaint superseded and replaced the original complaint. The filing of the Amended Complaint effectively rendered the motion for judgment on the pleadings moot because the motion sought to dismiss the superseded complaint. See Braxton v. Stokes, No. CV 2:23-00127-KD-N, 2023 WL 6449431, at *2 (S.D. Ala. Oct. 2, 2023); see also Brown v. Credit Mgmt., LP, No. 1:14-CV-2274-TWT, 2015 WL 224758, at *2 (N.D. Ga. Jan. 15, 2015) ("[T]he . . . amended complaint will render moot the motion for judgment on the pleadings because that motion seeks to dismiss a pleading that will have been superseded."). Thus, the Motion for Judgment on the Pleadings, (Doc. 5), is **DENIED** as moot.

## IV.    Renewed Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In cases involving multiple defendants, the pleadings are not closed until each defendant in the action has filed an answer or the non-answering defendants have been removed from the action." 5C Wright & Miller's Federal Practice & Procedure § 1367 (3d ed. 2026); Santa Fe Alliance for Public Health and Safety v. City of Santa Fe, New Mexico, 993 F.3d 802, 809 n.3 (10th Cir. 2021) ("[A] Rule 12(c) motion would have been premature because the pleadings were not closed where the other two defendants filed Rule 12(b) motions and had not filed answer."). Courts have found a "discretionary exception to [this] limitation" when a "plaintiff fails to serve all defendants." Gorenc v. Klaassen, No. 18-2403-DDC-JPO, 2019 WL 2523566, at *2 n.2 (D. Kan. June 19, 2019). The logic behind this exception is that a contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a [Rule] 12(c) motion simply by naming and then not serving an additional defendant." E. Coast Test Prep LLC v. Allnurses.com, Inc., Civil No. 15-3705 (JRT/JSM), 2016 WL 7383309, at *1 (D. Minn. Dec. 20, 2016).

Here, the Amended Complaint lists another defendant that has not filed an answer. The plain language of Rule 12(c) guides that the Renewed Motion for Judgment on the Pleadings is premature. Further, the discretionary exception does not apply because the other defendant has not been served. Thus, the Renewed Motion for Judgment on the Pleadings, (Doc. 17), is **DENIED** as premature.

## V.    Striking the Amended Complaint

"[W]e are to give liberal construction to the pleadings of *pro se* litigants," but *pro se* litigants are required to follow procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)

(per curiam). Federal Rule of Civil Procedure 10 governs the form of pleadings. The caption of the complaint—and the amended complaint—must list the names of all of the parties. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.). "The caption of the complaint may not use 'et al.' or make any other non-specific reference to unnamed persons." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 10:2 (2026). Here, the Amended Complaint uses "et al." and only names one party. Therefore, the Amended Complaint fails to comply with Rule 10(a).

A district court has an "inherent power to manage its docket." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). This includes the power to strike a complaint. See Velez v. Reynolds, 770 F. App'x 528, 529 (11th Cir. 2019). Here, Williams failed to follow the procedural rule of naming all of the parties in the title of the Amended Complaint. This failure creates ambiguity over whether MDBS is still a party to this action. Accordingly, the Amended Complaint is **STRICKEN**.

### VI.    Filing of the Second Amended Complaint and Service of Process

Williams shall file a Second Amended Complaint, **on or before June 30, 2026**, that names each defendant in the caption and identifies each defendant in the section titled "Parties." Apart from clarifying the identity of the defendants, Williams may not make substantive changes to the Second Amended Complaint. If Williams wishes to make other changes, he must file a motion pursuant to Rule 15(a)(2).

The Amended Complaint added a new defendant (DePuy Synthes Sales, Inc.) on April 7, 2026. (Doc. 11). "When an amended complaint names a new defendant, a plaintiff has [ninety] days from the date on which the amended complaint is filed to serve that defendant with process." Lindley v. City of Birmingham, Ala., 452 F. App'x 878, 880 (11th Cir. 2011) (applying Rule 4(m)). The filing

7

of the Second Amended Complaint will not restart the 90-day deadline for Williams to serve DePuy Synthes Sales Inc. See Gensler, supra at § 4:94 ("The filing of an amended complaint does not restart the 90-day period for service under Federal Rule of Civil Procedure 4(m)."). Therefore, if the Second Amended Complaint lists DePuy Synthes Sales, Inc. as a defendant, Williams shall file process (summons and the Second Amended Complaint) upon DePuy Synthes Sales, Inc. on or before July 6, 2026.[1]

### VII.    Conclusion

Williams filed an amended complaint as a matter of course. The Amended Complaint superseded the Complaint, and the Motion for Judgment on the Pleadings became moot. The Amended Complaint added another defendant that needs to be served in accordance with Rule 4(m)'s deadline. Because the other defendant has not filed an answer, the pleadings have not closed. Therefore, the Renewed Motion for Judgment on the Pleadings is premature. However, the Amended Complaint is stricken because it is ambiguous as to whether MDBS is still a defendant in this action. Accordingly, it is **ORDERED** as follows:

- The Motion for Judgment on the Pleadings, (Doc. 5), is **DENIED** as moot, and the Renewed Motion for Judgment on the Pleadings, (Doc. 17), is **DENIED** as premature.

- The Amended Complaint is **STRICKEN**, and Williams shall file a Second Amended Complaint **on or before June 30, 2026**.

- If the Second Amended Complaint lists DePuy Synthes Sales Inc. as a defendant, Williams shall serve process upon DePuy Synthes Sales, Inc. **on or before July 6, 2026** (ninety days after the addition of this defendant in the Amended Complaint).

**DONE** and **ORDERED** this the **16th** day of **June 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Williams is advised to review the Pro Se Litigant Handbook on the United States District Court, Southern District of Alabama's website. https://www.alsd.uscourts.gov/sites/alsd/files/pslg.pdf.